THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FERNANDO AGUIRRE TORRES, Defendant and Appellant.

No. CR-64-384.        Decided March 11, 1965.

*William Morales Torres* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant was convicted and sentenced for a violation of the *Bolita* Act. In this appeal he maintains in the first two assignments that the trial court erred in denying his motion for suppression of evidence and in admitting evidence illegally seized.

He bases his contention on the fact that the police officers, "under the pretense of an alleged violation of the Vehicle Law (misdemeanor), consisting in that he did not stop at a certain place," searched his vehicle and found on the rear where the plate is affixed the incriminatory evidence, some lists which are used in the illegal *bolita* game, wrapped in a piece of handkerchief. He invokes the doctrine in *People* v. *Sosa Díaz,* 90 P.R.R. 606 (1964), to maintain that the search of the automobile was unreasonable and, hence, that the evidence seized was inadmissible.

■ That doctrine is not applicable to the facts of this case. By his failure to halt at a "stop" sign, appellant was going to cause an accident with another vehicle, and when the police was about to detain him he tried to escape. Circumstances justifying the search carried out were therefore present.

■ The trial court did not err either in denying the motion for a new trial. It was predicated on the discovery of new evidence. The two affidavits attached to the motion show (one of Jorge Luis Torres) that one Saturday in August 1963 one "Juaniquillo" had placed "something" in the car of defendant-appellant, and (the other of Rosalina Rosa González) that one week prior to appellant's arrest police officer Carlos Torres told her that that one "we are going to catch him"; that two weeks after the arrest the officer told her that " 'Juaniquillo' had placed the lists."

In the first place, the record shows that with reasonable diligence appellant could have discovered and offered at the trial, for the purposes of the motion for a new trial, the

evidence allegedly discovered subsequent thereto. Let us examine the record. On cross-examination we questioned the prosecution witness, Lieutenant Roberto A. Dox Castro, on "Juaniquillo's" participation, as follows:

"Mr. Morales:
Had you been told anything? Did Juaniquillo give you this information, which you received, that this was there?
No, sir, neither Juaniquillo, nor any other.
Did he give you certain information?
No, sir.
Was Juaniquillo a Vice Squadron informer?
No, sir.
For $50 a week, for informing?
No, sir.
Don't you know whether Juaniquillo put that there and reported it immediately?
No, sir.
That car, did you know what it contained, was it directly outside, but not inside the car?
No, sir." (Tr. Ev. 11.)

Witness Benjamín Torres de Jesús was also asked whether another vehicle operated by one Juaniquillo went past that place when they were searching the automobile, to which the witness answered in the affirmative.

Rule 188(a) of the Rules of Criminal Procedure establishes as ground for granting a new trial "When new evidence is discovered, which, if presented at the trial, would probably have changed the verdict or the finding of the court and which the defendant could not, with reasonable diligence, have discovered and produced at the trial . . . ."

The circumstances concurring in this case do not place him within the provisions of Rule 188(a).

Consequently, the judgment appealed from will be affirmed.